CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

6/2/2026

LAURA A. AUSTIN, CLERK
BY: s/ C. Amos
DEPUTY CLERK

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF VIRGINIA
#### LYNCHBURG DIVISION

|  |  |
|---|---|
| TICHINA DUNKLEY, | CASE No. 6:26-CV-00055 |
| *Plaintiff,* |  |
| v. | MEMORANDUM OPINION & ORDER |
| CENTRA HEALTH, INC., |  |
| *Defendant.* | JUDGE NORMAN K. MOON |

Plaintiff TiChina Dunkley ("Dunkley")—a former employee of Centra Health—filed a Title VII form complaint without paying the $405 filing fee. *See* Dkt. 1. Instead, she filed a motion for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. 2, which the Court will grant. Given her IFP status, the Court must conduct an initial screening of her complaint, *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006), and must *sua sponte* dismiss her causes of action if they fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Because her Complaint fails to state any cause of action under Title VII, it must be dismissed.

### I.    LEGAL STANDARDS

28 U.S.C. § 1915(e) permits district courts to, on their own motion, dismiss IFP complaints that are frivolous, malicious, or fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006). This procedural vehicle is governed by the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Minter v. Clarke*, 2022 WL 4537904, at *3 (E.D. Va. Sep. 12, 2022) (comparing standards). To survive this stage, a plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court must accept a plaintiff's factual allegations as true and must draw all reasonable inferences in the plaintiff's favor. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). Although a complaint "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action" in order to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Because Dunkley is proceeding *pro se*, the Court must liberally construe her complaint. *See Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). However, the Court need not draw inferences that are "unsupported by facts alleged in the complaint." *Green v. McHugh*, 793 F. Supp. 2d 346, 349 (D.D.C. 2011); *see also Grigg v. Montana Dep't of Justice, et al.*, 2026 WL 1134159, at *2 (D.N.D. Feb. 4, 2026).

## II. BACKGROUND

Dunkley reported to her supervisor that two co-workers discussed a sexual relationship one of them was having with a married patient. Dkt. 1 at 4. Dunkley "believed the . . . discussions were inappropriate and unprofessional for the workplace," and asked to be reassigned to a different location. *Id.* at 4, 7. Her supervisor denied her request, and in response, Dunkley resigned on July 28, 2025. *Id.* She filed an EEOC complaint on that same day and received her right to sue letter on March 11, 2026. Dkt. 1-1.

Dunkley filed this lawsuit, alleging "race discrimination, retaliation, and hostile work environment." Dkt. 1 at 5. She claims to have suffered lost wages, financial hardship, and emotional distress because Centra Health refused to move her to a different unit. *Id.* at 6.

## III.    DISCUSSION

### A. Disparate Treatment

Title VII renders it unlawful for an employer to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).  A plaintiff can establish discrimination through either direct or indirect evidence. *See Johnston v. Envision Physician Servs.*, 2022 WL 3211435, at *4 (E.D. Va. Aug. 2, 2022). Absent direct evidence of discrimination,[1] a plaintiff must satisfy the *McDonnell Douglas* burden shifting scheme. *Id.*

A plaintiff establishes a *prima facie* case of disparate treatment under *McDonnell Douglas* by showing: "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment than similarly situated employees outside the protected class." *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *Honor v. Booz–Allen & Hamilton, Inc.*, 383 F.3d 180, 188 (4th Cir. 2004). Dunkley's Complaint fails to establish the elements of the *prima facie* case.

Specifically, Dunkley concedes she voluntarily resigned from her position at Centra Health. This ends the inquiry because her voluntary resignation was not an adverse employment action, and an adverse employment action is required to state a Title VII claim. *See Benjamin v. Sparks*, 986 F.3d 332, 352 (4th Cir. 2021) (holding that voluntary resignation is not an adverse action); *Glymph v. Spartanvurg Gen. Hosp.*, 783 F.2d 476, 477-79 (4th Cir. 1986) (same). Likewise, Dunkley has failed to identify any facts that would allow the Court to infer that: (1) she was

---

[1]    "Direct evidence encompasses conduct or statements that both (1) reflect directly the alleged discriminatory attitude, and (2) bear directly on the contested employment decision." *Laing v. Fed. Exp. Corp.*, 703 F.3d 713, 717 (4th Cir. 2013).

meeting her employer's legitimate expectations, or (2) she was treated worse than someone outside the protected class.

Simply put, Dunkley's complaint about her co-employees discussing a sexual affair at work has nothing to do with racial discrimination.[2] Title VII prohibits discrimination; it is not a nationalized employee handbook, it does not enforce moral codes, and it does not outline general workplace etiquette. Because Centra Health did not discriminate against Dunkley by refusing to move her to another unit because she was offended by her co-workers sexualized conversation, her Title VII disparate treatment claim fails as a matter of law.

### B. Retaliation

Title VII also makes it unlawful for "an employer to discriminate against any of his employees . . . because [they] opposed any practice made an unlawful employment practice by this subchapter, or because [they] made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C § 2000e-3(a). To establish a *prima facie case* of retaliation, a plaintiff must prove that "(1) she engaged in a protected activity; (2) the employer acted adversely against her; and (3) there was a causal connection between the protected activity and the asserted adverse action. *See Strothers v. City of Laurel, Maryland*, 895 F.3d 317, 327 (4th Cir. 2018). Dunkley's retaliation claim falters for the same reason as her disparate treatment claim—namely, she has not alleged that Centra Health took any adverse action against her.

---

[2]    Dunkley only asserts race discrimination. To be sure, any gender or religious discrimination claims are likely unexhausted given Dunkley's failure to mention them in her Complaint. However, out of an abundance of caution and because Dunkley did not attach her EEOC complaint, the Court will consider whether Dunkley's Title VII claims can survive based on sex or religious discrimination. They cannot for the same reason her race-based claims fail.

Additionally, Dunkley did not engage in statutorily protected activity by reporting a single conversation amongst co-workers about a sexual relationship one of them was having with a patient. To begin with, complaining about a discussion about a co-worker's sexual relations has nothing to do with race discrimination. But even if Dunkley believed she was reporting gender discrimination, her retaliation claim would still fail. In *Greene v. A. Duie Pyle, Inc.*, the Fourth Circuit held that a plaintiff did not have "an objectively reasonable belief that [his employer's] actions were unlawful [under Title VII]," when he had reported "lewd magazines and inappropriate jokes or drawings over a seven-month period." 170 F. App'x 853, 856 (4th Cir. 2006). Because he did not have an objectively reasonable belief that he was reporting unlawful conduct, he did not engage in protected activity under Title VII. *Id.* If the employee in *Greene* did not engage in protected activity under Title VII, Dunkley—who reported a single, private conversation amongst co-workers—certainly did not.

Accordingly, her retaliation claim must be dismissed.

### C. Hostile Work Environment

An employer also contravenes Title VII by requiring an employee to work in an environment that is hostile to her race or sex. *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65–67 (1986) (citing 42 U.S.C. § 2000e–2(a)(1)). To succeed on a hostile-work-environment claim a plaintiff must show that there is: "(1) unwelcome conduct; (2) that is based on the plaintiff's ... [race or sex]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *McIver v. Bridgestone Americas, Inc.*, 42 F.4th 398, 407 (4th Cir. 2022); *see also Okoli v. City of Baltimore*, 648 F.3d 216, 220 (4th Cir. 2011)).

A hostile work environment claim fails unless "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.*; *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). A hostile-work-environment claim almost always "involves repeated conduct," *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002); however, a single incident of harassment can constitute a hostile work environment if it is "extremely serious." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015). The ultimate inquiry, though, is whether the conduct is so "extreme" as to "amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

Dunkley alleges nothing to suggest that the conversation she overheard involved an extremely serious instance of racialized misconduct. In fact, Dunkley offers no details about the conversation beyond two co-workers discussing a sexual relationship with a married patient. Dkt. 1 at 4. There is simply no basis for finding that Dunkley was subjected to a hostile work environment based on her race.

To the extent, she claims the conversation created a hostile-work environment based on her gender, that claim would also fail. Circling back to *Greene*, the Fourth Circuit held that the plaintiff in that case failed to allege a hostile work environment when co-workers displayed pornographic magazines in the workplace and made jokes based on gender stereotypes. 170 F. App'x 855–56. Based on the facts, as currently alleged, Dunkley experienced far less serious misconduct than the plaintiff in *Greene*. She simply has not alleged that her workplace was permeated with

discriminatory intimidation, ridicule, and insults, and therefore, she has not stated a hostile work environment claim.[3]

### IV.    CONCLUSION

For these reasons, Dunkley's motion to proceed *in forma pauperis* (Dkt. 2) is **GRANTED**.

However, her complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e).

The Clerk shall administratively close this case and mail a copy of this Order to Plaintiff at her last known address. In addition, the Clerk shall mail a copy of this Order to the Defendant.

It is so ordered.

Entered this 2nd day of June, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[3]    The same holds true to the extent Dunkley claims she was subjected to a religiously hostile work environment.